UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASPER LAMON ALLEN,

      Plaintiff,

v.                   Case No. 23-cv-1341-pp

CINDY GILBERT
and REBECCA JONES,

      Defendants.

---

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Jasper Lamon Allen, who is incarcerated at Gordon Correctional Center and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The plaintiff has paid the filing fee. This decision screens his complaint, dkt. no. 1.

**I. Screening the Complaint**

  A. <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. The Plaintiff's Allegations

The plaintiff has sued Cindy Gilbert and Rebecca Jones. Dkt. No. 1 at 1. He alleges that on January 28, 2023, he was moved from a ten-man cell to a three-man cell "due to a written request to Sargent Cindy Gilbert which is protocol." Id. at 2. He states that defendant Gilbert is responsible for moving incarcerated individuals to different cells at Gordon Correctional Center. Id.

The plaintiff alleges that when he noticed his new cellmate Leon Prince was coughing excessively, he asked Prince if Prince's condition was contagious and if he had seen medical staff. Id. The plaintiff states that he suggested that Prince ask to go to the hospital for an exam, which Prince did. Id. Prince allegedly was taken to "Spooner Health" in Spooner, Wisconsin, and he returned the same day with a diagnosis of pneumonia. Id. at 2-3. The plaintiff alleges that, despite being informed of Prince's condition, defendant Gilbert did not isolate Prince. Id. at 3. According to the plaintiff, "DAI policy states that when an inmate returns from the hospital, the medical staff must be informed of the inmate's condition." Id.

The plaintiff alleges that he was not moved from the cell when Prince returned from the hospital. Id. He states that within five days of Prince's return, the plaintiff started having chest pains when breathing, showering and talking on the phone. Id. On February 2, 2023,[1] Prince allegedly was taken back to the Spooner Health and airlifted to U.W. Hospital in Madison,

---

[1] The plaintiff wrote "(same day)" next to the date of February 2, 2023; he does not explain what this means, but the court infers he means that it was the same day that the plaintiff started experiencing chest pain.

3

Case 2:23-cv-01341-PP   Filed 01/08/24   Page 3 of 8   Document 4

Wisconsin. Id. The plaintiff alleges that his own health continued to decline the next day with a high temperature, deep muscle pain and dark orange urine. Id. He says that he requested medical attention and defendant Nurse Rebecca Jones saw him. Id.

The plaintiff alleges that defendant Jones listened to his lungs and determined that something was wrong with his left lung. Id. Jones allegedly emailed staff at Spooner Health and the plaintiff then was transported to Spooner Health. Id. He says a CT scan was done and six centimeters of fluid were found in his left lung. Id. The plaintiff states that "[p]er the treating doctor at Spooner Health, [the plaintiff] being in the room with Prince, [the plaintiff] was breathing in fungal spores for 5-6 days straight." Id. The plaintiff allegedly was hospitalized at Spooner Health for six days and then transferred to Sacred Heart Hospital in Eau Claire, Wisconsin, due to his declining health and the limited resources at Spooner Health. Id. at 4.

The plaintiff alleges that he spent another ten days hospitalized at Sacred Heart with the diagnosis of histoplasmosis and blastomycosis, which he describes as fungal infections that attack the lungs. Id. He says he was prescribed Itraconazole to treat the lung infection, that the medication is known to cause liver damage and that he has to take it for six months to a year. Id. The plaintiff also states that he must have blood drawn every two weeks to check his liver enzymes, and that his enzymes have doubled since he started taking the medication. Id. He says he now has permanent scarring on his lungs and possible permanent liver damage due to negligence. Id. The

4

plaintiff states that this all could have been prevented if the defendants had isolated Prince or moved the plaintiff when Prince returned from the hospital with the pneumonia diagnosis. Id.

For relief, the plaintiff seeks long term care for his liver. Id. at 8. He also seeks compensatory damages, court costs and that the defendants be reprimanded. Id. at 11.[2]

C. Analysis

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To demonstrate a violation of the Eighth Amendment, an incarcerated individual must make two showings. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. at 834 (quotations omitted). "For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. The second requirement is that the prison official was deliberately indifferent "to inmate health or safety," id., meaning that he was both aware of and disregarded "an excessive risk to inmate health or safety," id. at 837.

---

[2] The complaint repeats several pages. Dkt. No. 1 at 5-7.

At this stage, the court presumes that the risk of exposure to pneumonia can satisfy the objective standard of an Eighth Amendment claim. See Helling v McKinney, 409 U.S. 25, 35 (1993) (An incarcerated individual may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damages to his future health."). Cf. Wilson v. Williams, 961 F.3d 829, 840 (6th Cir. 2020) (recognizing that "[t]he COVID-19 virus creates a substantial risk of serious harm leading to pneumonia, respiratory failure, or death"); see also Ducksworth v. Utter, Case No. 21-cv-197, 2022 WL 3647884, at *4 (E.D. Wis. Aug. 24, 2022); Stewart v. Haese, Case No. 20-cv-1494, 2022 WL 1750523, at *2-3 (E.D. Wis. 2022); see also Cole v. Lemke, Case No. 16 C 7845, 2019 WL 1227787, at *3 (N.D. Ill. Mar. 15, 2019) ("To begin, pneumonia is undoubtedly a serious medical condition.") (citing Leaks v. Fowler, Case No. 13 C 1262, 2016 WL 878204, at *7 (N.D. Mar. 8, 2016)).

The relevant question in determining whether the plaintiff states a claim is whether the defendants' actions demonstrated deliberate indifference to that risk of harm. The key inquiry is not whether the defendants responded perfectly or whether their efforts ultimately averted the risk; the key inquiry is whether they "responded reasonably to the risk." See Wilson, 961 F.3d at 840-41 (quoting Farmer, 511 U.S. at 844). The plaintiff alleges that when Prince returned from the hospital, the defendants knew that he had pneumonia, yet they did not remove Prince from the cell or move the plaintiff to a different cell.

6

The plaintiff may proceed on an Eighth Amendment claim against the defendants based on these allegations. The plaintiff alleges that the defendants' actions also amounted to negligence under Wisconsin state law. The court will exercise supplemental jurisdiction over the plaintiff's state law negligence claim. See 28 U.S.C. §1367(a).

**II.     Conclusion**

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Cindy Gilbert and Rebecca Jones. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[3] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[3] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 8th day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**