UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASPER LAMON ALLEN,

          Plaintiff,

v.                                      Case No. 23-cv-1341-pp

CINDY GILBERT, *et al.*,

          Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 29), GRANTING DEFENDANT GILBERT'S MOTION FOR EXTENSION OF TIME (DKT. NO. 31) AND STAYING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANT JONES'S MOTION FOR SUMMARY JUDGMENT ON THE MERITS (DKT. NO. 32)**

      Plaintiff Jasper Lamon Allen, who is incarcerated at Jackson Correctional Institution and is representing himself, filed this civil rights case. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim and a Wisconsin state law negligence claim based on allegations that defendants Cindy Gilbert and Rebecca Jones confined him in a cell with another person who had pneumonia (instead of isolating that individual) and the plaintiff contracted pneumonia. Dkt. No. 4 at 6-7. This order addresses the plaintiff's motion to appoint counsel, dkt. no. 29, and defendant Gilbert's motion for an extension of time, dkt. no. 31. Defendant Jones has filed a motion for summary judgment on exhaustion grounds. Dkt. No. 19. That motion is fully briefed and the court will address it in a separate order. This order stays briefing on defendant Jones's motion for summary

1

judgment on the merits, dkt. no. 32, pending the court's ruling on her motion for summary judgment on exhaustion grounds.

## I.  Motion to Appoint Counsel (Dkt. No. 29)

In his motion to appoint counsel, the plaintiff states that he has no litigation experience and that he is "mentally not able to fight a trial." Dkt. No. 29. He references defendant Jones's motion for summary judgment on exhaustion grounds and states that he did not know how to respond to her proposed findings of fact. Id. The plaintiff also states that he has tried to contact lawyers to try to find one on his own but has not received any responses. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-

55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience,

3

intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has not satisfied the first requirement for recruitment of counsel because he has not provided the court with the names and contact information of the lawyers he says he tried to contact. Even if the plaintiff had provided this information, it appears to the court that he is competent to proceed on his own at this stage of the case. The plaintiff's claim, which is based on his allegations that the defendants did not move him or his cellmate from their shared cell despite their knowledge that his cellmate had pneumonia, is not complex. The record shows that the plaintiff has engaged in discovery, dkt. no. 30, and he filed a response to defendant Jones's motion for summary judgment on exhaustion grounds, dkt. no. 24. The court construes liberally the filings of incarcerated individuals. If the plaintiff files a declaration[1] telling his side of story, the court usually will consider it at summary judgment even if the plaintiff does not strictly comply with the local rules by responding specifically and separately to each of the defendants' proposed findings of fact.

---

[1] At the bottom of his declaration, the plaintiff should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

4

Because the plaintiff has not satisfied the requirement that he make a reasonable attempt to find a lawyer on his own, because his claim is not complex and he is competent to engage in discovery and respond to motions for summary judgment on the merits, the court will deny without prejudice the plaintiff's motion to appoint counsel.

## II. Defendant Gilbert's Motion for Extension of Time (Dkt. No. 31)

Defendant Gilbert has filed a motion to extend the summary judgment deadline. Dkt. No. 31. She ask the court to extend by two weeks her deadline to file a motion for summary judgment on the merits—to September 27, 2024. Id. The court finds that defendant Gilbert has shown good cause and will grant her motion for extension of time.

## III. Briefing on Defendant Jones's Motion for Summary Judgment on the Merits (Dkt. No. 32)

On September 13, 2024, defendant Jones filed a motion for summary judgment on the merits. Dkt. No. 32. The court will not require the plaintiff to respond to defendant Jones's motion for summary judgment on the merits at this time. After the court has resolved defendant Jones's motion for summary judgment on exhaustion grounds, it will set a deadline for the plaintiff to respond to her motion for summary judgment on the merits.

## IV. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 29.

The court **GRANTS** the defendant Gilbert's motion for extension of time to file summary judgment on the merits. Dkt. No. 31. The court **ORDERS** that

5

the deadline for defendant Gilbert to file a motion for summary judgment on the merits is **EXTENDED** until the end of the day on **September 27, 2024**.

The court **STAYS** deadline for plaintiff to respond to defendant Jones's motion for summary judgment on the merits. After the court resolves defendant Jones's motion for summary judgment on exhaustion grounds, it will set a deadline for the plaintiff to respond to defendant Jones's motion for summary judgment on the merits, if necessary.

Dated in Milwaukee, Wisconsin this 20th day of September, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**